CASE 46—PETITION ORDINARY—JUNE 29.

## Pace & Young vs. Martin, &c.

APPEAL FROM BARREN CIRCUIT COURT.

A note given for a sum lost at gaming is *void* in the hands of an assignee, notwithstanding a writing, executed at the same time by the makers, importing that "the note is just, and they have no legal offset against it, and no defense to make."

HARLAN & HARLAN, for appellants, cited 1 *Rev. Stat.*, 560.

N. A. SMITH, for appellee, cited 4 *Met.*, 270–3; 5 *Dana*, 56; 9 *B. Mon.*, 179.

CHIEF JUSTICE MARSHALL DELIVERED THE OPINION OF THE COURT:

The note sued on, having been executed for a sum won and lost at gaming, is void in the hands of an assignee, notwithstanding the writing, signed at the same time by the makers, importing that "the note is just, and they have no legal offset against it, and no defense to make."

This case differs from that of Wills, &c., vs. Lewis, &c. (4 *Met.*, 270–1), in the fact that in this case the note was given upon an illegal consideration, and is declared void by the statute for the purpose of suppressing illegal practices injurious to society.

The note implies that the makers have no offset against it, and no defense to make to it. This implication is restricted by the simultaneous writing, which says the makers have no *legal* offset. To allow such a writing to make the note oblig-

atory in the hands of an assignee, because he is assignee, would open a wide door for evading the statute. The very fact that such a writing was executed simultaneously with the note was calculated to arouse suspicion and inquiry. And as it is not shown that the assignee was ignorant of the illegality of the consideration, and that he was induced to take it by a reliance on the statement in the simultaneous writing, and that he gave a fair and valuable consideration for it, he has made out no plausible ground for a recovery against the plea to the consideration, which prevails, not for the sake of the pleaders, but on the ground of public policy, and to maintain the inviolability of the law.

Wherefore, the judgment is *reversed*, and the cause is remanded for a new trial in conformity with this opinion.